IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HERMINIA MORALES, et al.,

    Plaintiffs,                                           No. C 10-02068 JSW

  v.

CHASE HOME FINANCE LLC, et al.,         **NOTICE OF QUESTIONS**

    Defendants.

        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 17, 2010 AT 9:00 A.M.:

        The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. Plaintiffs argue that defendants Chase Home Finance LLC and JPMorgan Chase Bank, N.A. (collectively, "Chase") were required to collect income information, check investor guidelines, and create proposed modification terms *before* it offered the Trial Period Plan ("TPP") Contract. (Opp. at 3.) On what specific language in the documents cited to by Plaintiffs do they rely for this proposition?

2. "Doing or promising to do what one already is legally bound to do cannot be consideration for a promise." *See Asmus v. Pacific Bell*, 23 Cal.4th 1, 32 (2000). Chase contends that pursuant to the respective deeds of trusts, Plaintiffs were already obligated to make escrow payments to Chase for property taxes and insurance as a condition of eligibility for the modification. (Reply at 4.) Do Plaintiffs dispute that Plaintiffs were already legally obligated to make these escrow payments? If so, on what basis?

3. The California Supreme Court has made clear that there are two requirements to finding consideration. First, "the promisee must confer (or agree to confer) a benefit or must suffer (or agree to suffer) prejudice." Second, "the benefit or prejudice must actually be bargained for as the exchange for the promise. Put another way, the benefit or prejudice must have induced the promisor's promise." *Steiner v. Thexton*, 48 Cal. 4th 411, 420-421 (2010) (internal quotation marks omitted).
   a. On what basis do Plaintiffs contend that their suffering derogatory credit reporting or providing paperwork "induced" Chase to modify their mortgages?
   b. Plaintiffs argue that Chase financially benefited from collecting escrow payments for taxes and insurance payments not yet due. (Opp. at 8 fn.5.) However, Chase counters that the insurance and taxes are not paid to Chase. (Reply at 4.) In light of Chase's argument, on what basis do Plaintiffs contend that Chase financially benefited from collecting such escrow payments?

4. How do Plaintiffs respond to Chase's argument that the essential terms of the loan modifications remain open because if, based on the verified income, the interest rate reductions would be insufficient to reduce the monthly payment to 31% of the borrower's income, the servicer has a number of options to further reduce the monthly payment? (Reply at 5-6.)

5. On what specific language in the letter offering a Home Affordable Modification Trial Period Plan do Plaintiffs rely to show that Chase made a demand for payment as required to state a Rosenthal Act claim?

6. What misrepresentations and/or material omissions do Plaintiffs allege Chase made and specifically where in their complaint are these allegations?

7. Do the parties have anything further they wish to address?

Dated: September 15, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2